# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

June 15, 2018

**Temitope K. Yusuf**
Partner
212.457.5489 DIRECT
212.484.3990 FAX
temitope.yusuf@arentfox.com

VIA ECF

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   Broidy Capital Management LLC, et al. v. Allaham, 18-mc-00240-KBF

Dear Judge Forrest:

Respondent submits this letter in response to Movants' June 14, 2018 6:51PM discovery letter seeking a conference with Your Honor on June 15, 2018. As an initial matter, Respondent's counsel offered to have a meet-and-confer with Movants' counsel prior to the filing of the letter, but never received a response.

While Respondent's counsel welcomes a conference with the Court on any outstanding issues, we respectfully request that the Court schedule the conference at the earliest possible opportunity after June 15, 2018. On June 11, 2018, I informed Movants' counsel that I would not be available on Friday June 15, 2018 due to a religious observance. As the primary attorney responsible for compliance with the April 23, 2018 subpoena and the one most familiar with the relevant facts related to the issues that Movants' counsel wishes to raise with the Court, I respectfully request that my religious observance be respected. Movants will suffer no prejudice if the call is scheduled after June 15, 2018 whereas Mr. Allaham would be prejudiced by not having the attorney who is most able to represent his interests participate in the call.

While Movants' counsel copied four other attorneys at Arent Fox on the request to the Court, that does not sufficiently address this issue. First, as Movants' counsel is aware, Ms. Chandramouli has been out on leave since June 6, 2018 and is still on leave thus she is unavailable to participate. Second, neither Mr. Engle nor Mr. Nolan are admitted to practice in the State of New York. Further, even if he were admitted in New York, Mr. Nolan is currently on his way to a time zone 8 1/2 hours ahead of New York and is unlikely to be available for a call on such short notice. Lastly, Mr. Anderson is not admitted to practice in the Southern District of New York and other than filing the motion to quash in the Central District of California, he has had no substantive involvement in this case and is not in a position to advocate for Mr. Allaham on such short notice. Mr. Allaham should have the counsel most capable of zealously advocating his position participate in the conference with the Court. If the Court agrees to schedule a call to

**Arent Fox**

The Honorable
Katherine B. Forrest
June 15, 2018
Page 2

resolve these outstanding issues, I respectfully request that the call is scheduled for Monday, June 18, 2018 so that I can participate and represent Mr. Allaham. I will be undergoing a medical procedure from 12:30PM – 2:30PM on Monday, June 18, 2018 and respectfully request that the Court schedule the call before or after that time.

With regard to the substance of Movants' letter, the exhibits of correspondence between counsel do speak for themselves, however Respondent wishes to highlight the following points for the Court:

1. As evidenced by Movants' exhibits, Mr. Allaham has complied with the Court's Orders and produced documents responsive to the April 23, 2018 subpoena. We would note that Movants' counsel failed to attach the letter showing the full scope of Mr. Allaham's production.

2. Movants are attempting to misapply this Court's Orders to improperly expand the scope of the subpoena. Respondent's counsel has now asked on two separate occasions how a subpoena that calls for "payments to [Mr. Allaham]" could possibly be read to call for "payments made by…Mr. Allaham" which is what Movants' June 12 and June 13 letters request. Movants contend that any waiver by Respondent permits this request, but they offer no rationale for that contention.

3. Movants selectively quote from the production and imply that a reference in a document was made by Mr. Allaham or that he would have any additional documents to produce. However, Exhibit G to Movant's June 14 letter was not created or sent by Mr. Allaham thus it is unclear what additional documents Movants' counsel believes it would be entitled to receive.

4. Movants also assert that communications Mr. Allaham had with several individuals who are not covered by the April 23, 2018 subpoena would automatically fall within Movants' first request in that subpoena. However, there is no support for this notion. The first request only calls for communications "regarding Plaintiffs with the State of Qatar or with its officials, agents, or any persons acting on its behalf…." Mr. Allaham does not object to producing communications within that scope and in fact has already done so, consistent with the Court's Orders. However, Movants' new request seeks an entirely new set of communications which do not fall within the scope of the April 23, 2018 subpoena. A meet-and-confer would have easily resolved this issue.

5. Movants June 12 and June 13 letters include several other requests that on their face appear to be raised for the first time and outside the scope of the April 23, 2018 subpoena. Respondent's counsel has tried to clarify how the new requests fit into the

**Arent Fox**

April 23, 2018 subpoena and Movants' counsel has not replied or provided any explanation. See Movants' June 14, 2018 Letter to the Court, Exhibit F at 3.

6. Lastly, Movant's counsel seeks to have Your Honor revisit the provisional designation of all documents as Attorney's Eyes Only. This designation is properly in place at this time. A challenge to that designation is best considered by Judge John F. Walter who is presiding over the underlying action. Judge Walter can rule on a more permanent protective order which would address the appropriate permanent designation for these documents and others produced in discovery.

A meet-and-confer should have been Movants' first step in trying to resolve many of the issues raised. Indeed, Respondent's counsel has attempted to discuss ongoing discovery issues with Movants' counsel. Now, after ignoring Respondent's counsel's request to meet and confer, Movants seek to take the Court's time to resolve discovery disputes which the parties should be able to resolve themselves.

Respectfully submitted,

/s/ Temitope K. Yusuf


Temitope K. Yusuf


cc:     Counsel for Movants (via ECF)
        Counsel for Defendants in the Underlying Action  (via e-mail)