**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Mark Gimbel

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1161
mgimbel@cov.com

**VIA ECF/By Hand (Unredacted Version Filed Under Seal Via Electronic Mail)**

June 22, 2018

The Honorable Katherine B. Forrest
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Broidy Capital Management LLC, et al. v. Allaham,
              Civ. No. 18-mc-00240-KBF

Dear Judge Forrest:

We represent the State of Qatar ("Qatar") and write in response to Movants' letter of June 21, 2018. The letter is devoted principally to requesting that the Court order a *second* deposition of Mr. Allaham. The request is totally unjustified, would impose needless expense on Qatar and the other parties, and should be denied.

*First*, there is no merit to Movants' argument that any additional examination time is necessary. Although this is a case in which Movants must prove a purported conspiracy to hack into servers in order to misappropriate email and other private documents, Movants wasted copious examination time on totally irrelevant topics such as REDACTED



Neither Qatar nor the witness nor any of the other parties should be

forced to waste any additional time or money simply because Movants' counsel squandered his examination time in this manner.

*Second*, Movants' request for an additional deposition of Mr. Allaham is all the more inappropriate because there is a motion to stay discovery pending before the court in the underlying action.  On June 6, 2018, Qatar moved to stay discovery pending resolution of Qatar's forthcoming motion to dismiss, which will seek the dismissal of all claims against it on the ground of sovereign immunity.  The stay motion is now fully submitted and awaiting decision.  Qatar—a sovereign state—should not be subjected to the burden, expense, and intrusion of additional discovery in this matter until the court has made a ruling on this threshold issue.  Every additional deposition that Qatar is forced to attend deprives it of a key benefit of sovereign immunity, which is intended to provide "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 849–50, 852 (5th Cir. 2000).  Movants should not be allowed to eviscerate Qatar's sovereign immunity in this manner, and certainly not before the court in the underlying action has ruled on the issue.

*Finally*, we note that Movants' letter objects to the production of certain materials withheld by Mr. Allaham on the ground of attorney-client privilege.  Qatar has no current relationship with Mr. Allaham, has not reviewed the documents, and accordingly does not know whether they might contain any materials subject to the protections of the Vienna Conventions on Consular and Diplomatic Relations.  If, and to the extent that they contain any such protected material, Qatar objects to the production of the documents.

To the extent that the Court requires a conference to address these issues, I respectfully request that it be scheduled for June 26, 2018, as I have a number of scheduling conflicts on June 25, the date proposed by Movants' counsel.

Respectfully,

/s/ Mark P. Gimbel

Mark P. Gimbel

cc: Lee S. Wolosky, Esq. (via ECF and electronic mail)
*Counsel for Movants Broidy Capital Management LLC and Elliott Broidy*

Temitope K. Yusuf, Esq. (via electronic mail)
*Counsel for Respondent Joseph Allaham*